AO245B  Judgment in a Criminal Case (Rev. 06/05)
Sheet 1

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7-3-07
BY DM

# United States District Court
## Western District of Louisiana
### Shreveport Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| ROBERT EARL STAFFORD | Case Number: 06-50135-13 |
| | USM Number: 29877-034 |
| | Harold C. Gilley, Jr. |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): 1 and 28 of the Indictment
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

COPY SENT:
DATE: 7/3/07
BY: DM
TO: USM → 3 cert.
    USP

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count Number(s) | Date Offense Concluded |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit mail fraud | 1 | 01/1998 |
| 18 U.S.C. §§1341 & 2 | Mail fraud | 28 | 06/28/2005 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[✓]  All remaining counts of the Indictment  [ ] is  [✓] are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material changes in the defendant's economic circumstances.

June 27, 2007
Date of Imposition of Judgment

/s/ Maurice Hicks
Signature of Judicial Officer

S. MAURICE HICKS, JR., United States District Judge
Name & Title of Judicial Officer

7/2/07
Date

AO245B   Judgement in a Criminal Case (Rev. 06/05)
Sheet 2 — Imprisonment

Judgment - Page 2 of 7

DEFENDANT:        ROBERT EARL STAFFORD
CASE NUMBER:   06-50135-13

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 months as to Counts One and Twenty-eight, said counts to run concurrently.

[✓]   The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the Bureau of Prisons screen defendant for placement in their 100 hour Residency Drug Abuse Program.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
      [ ] at ___ [ ] a.m. [ ] p.m. on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before 2 p.m. on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERT EARL STAFFORD
CASE NUMBER: 06-50135-13

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to Counts One and Twenty-eight, said counts to run concurrently.

## MANDATORY CONDITIONS (MC)

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. [ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5. [✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

6. [✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

7. [ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

8. [ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

9. If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

10. The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION (SC)

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ROBERT EARL STAFFORD
CASE NUMBER: 06-50135-13

## SPECIAL CONDITIONS OF SUPERVISION (SP)

1. The defendant shall participate in a program of drug testing and/or substance abuse treatment under the guidance of the United States Probation Officer, as needed.

2. The defendant shall be subject to financial disclosure throughout the period of supervised release and shall provide U.S. Probation with all requested financial documentation. The defendant shall report all household income to U.S. Probation as requested.

3. In the event restitution is not paid prior to the commencement of supervised release, the defendant shall make monthly payments at a rate not less than 15% of the defendant's gross monthly income, to be paid to the District Clerk of Court for disbursal to the victim in this case. Payment shall begin within 30 days of release from imprisonment. Restitution payments will be paid jointly and severally with any and all co-defendants.

AO 245B   Judgment in a Criminal Case (Rev.06/05)
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 7

DEFENDANT:        ROBERT EARL STAFFORD
CASE NUMBER:   06-50135-13

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | Assessment | Fine   | Restitution |
|----------|------------|--------|-------------|
| Totals:  | $ 200.00   | $ 0.00 | $ 6,767.10  |

[ ]  The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered |
|---|---|
| State Farm Insurance Company<br>P.O. Box 52808<br>Shreveport, LA 71135 | $6,767.10 |
| TOTALS: | $ 6,767.10 |

[ ]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [✓]  The interest requirement is waived for the    [ ] fine  [✓] restitution.

   [ ]  The interest requirement for the   [ ] fine  [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO245B   Judgment in a Criminal Case (Rev. 06/05)
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 7

DEFENDANT:       ROBERT EARL STAFFORD
CASE NUMBER:   06-50135-13

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✓]   Lump sum payment of $ 6,967.10 due immediately, balance due

    [ ] not later than _, or
    [✓] in accordance with        [ ]C,    [ ]D, or   [ ]E or [✓]F below; or

B   [ ]   Payment to begin immediately (may be combined with [ ]C,   [ ]D, or   [ ]F below); or

C   [ ]   Payment in equal___ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]   Payment in equal___ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [✓]   Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall make restitution payments from any wages earned while in prison, in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of his supervised release.

    The Court orders that any federal income tax refund payable to the defendant from the Internal Revenue Service will be turned over to the Clerk of Court and applied toward any outstanding balance with regard to the outstanding financial obligations ordered by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    06-50135-01 Carl Theus
    06-50135-02 Orma Mae Allums
    06-50135-03 Ashley Jennette Baker
    06-50135-05 Lisa Jackson Drew
    06-50135-06 Marty L. Driggers
    06-50135-07 Robert Lee Adams
    06-50135-09 Melbaly Roberson
    06-50135-11 Carl Sterling Ruffin
    06-50135-12 Stephanie Hill Ruffin
    06-50135-13 Robert Earl Stafford
    06-50135-14 Keetchia Rambo Theus
    06-50135-15 Victor Lamond Theus

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO245B   Judgment in a Criminal Case (Rev. 06/05)
   Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT:      ROBERT EARL STAFFORD
CASE NUMBER:    06-50135-13

   06-50135-16 Jacqueline Woods
   06-50135-17 Vickie Wright

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.